Michael A. Faillace
Michael Faillace & Associates PC.
60 East 42nd Street Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOMINGO CABRERA PICHARDO and
HURBINO GARCIA RIVERA, *individually
and on behalf of others similarly situated,*

                       *Plaintiffs,*

        -against-

SAZON INC. (d/b/a SAZON), RIVERBANK
RESTAURANT LLC (d/b/a SOFRITO),
GENARO MORALES, ANGELA
TERRANOVA, EVELYN RIVERA and,
ERIC TEVROW

                     *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

      Domingo Cabrera Pichardo and Hurbino Garcia Rivera ("Plaintiffs"), individually and on

behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates,

P.C., upon their knowledge and belief, and as against Defendants Sazon Inc., (d/b/a Sazon),

Riverbank Restaurant LLC (d/b/a Sofrito) ("Defendant Corporations"), Genaro Morales, Angela

Terranova, Evelyn Rivera, and Eric Tevrow ("Individual Defendants"), allege as follows:

**NATURE OF THE ACTION**

1.     This is an action to recover minimum and overtime wages and liquidated damages, interest, costs, and attorneys' fees for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

2.     Plaintiffs are former employees of Defendants.

3.     Defendants own, operate, and/or control two Puerto Rican restaurants located at 105 Reade St, New York, NY, 10013 (hereinafter "Sazon location") and 679 Riverside Dr., New York, NY 10031 (hereinafter "the Sofrito location"), under the name "Sazon" and "Sofrito" respectively.

4.     Plaintiffs were employed as dishwashers, porters, maintenance workers, bar-backs, food runners, and fryers.

5.     Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours per week that they worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours.

8.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage, overtime, and spread of hours compensation required by federal and state law and regulations.

2

10.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

13.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14.     Plaintiff Domingo Cabrera Pichardo ("Plaintiff Cabrera") or ("Mr. Cabrera") is an adult individual residing in Kings County, New York. Plaintiff Cabrera was employed by Defendants from approximately July 2011 until on or about June 22, 2017.

3

15.     During the course of his employment, Plaintiff Cabrera worked as a dishwasher/porter/maintenance worker at Defendants' Sazon location.

16.     Plaintiff Hurbino Garcia Rivera ("Plaintiff Garcia") or ("Mr. Garcia") is an adult individual residing in Bronx County, New York. Plaintiff Garcia was employed by Defendants from approximately November 2011 until on or about December 2014, from approximately June 2015 until on or about November 2015, and from approximately April 2016 until on or about August 13, 2016 at Defendants' Sofrito location, and from approximately August 14, 2016 until on or about March 5, 2017 at Defendants' Sazon location.

17.     During the course of his employment, Plaintiff Garcia worked as a bar-back/dishwasher at Defendants' Sofrito location and as a food runner/cook at Defendants' Sazon location.

*Defendants*

18.     At all times relevant to this complaint, Defendants owned, operated, and/or controlled two Puerto Rican restaurants located at 105 Reade St, New York, NY, 10013, under the name "Sazon," and 679 Riverside Dr., New York, New York, 10031, under the name "Sofrito."

19.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

20.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

21.     Upon information and belief, Sazon Inc. (d/b/a Sazon) is a corporation organized and existing under the laws of the state of New York, and it maintains its principal place of business at 105 Reade St, New York, NY, 10013.

4

22.     Upon information and belief, Riverbank Restaurant LLC (d/b/a Sofrito) is a corporation organized and existing under the laws of the state of New York, and it maintains its principal place of business at 679 Riverside Dr., New York, New York, 10031.

23.     Defendant Genaro Morales is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

24.     Defendant Genaro Morales is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant corporations (Sazon Inc. and Riverbank Restaurants LLC).

25.     Upon information and belief, Defendant Genaro Morales possesses or possessed operational control over each of Defendant corporations (Sazon Inc. and Riverbank Restaurants LLC) possesses or possessed an ownership interest in Defendant corporations (Sazon Inc. and Riverbank Restaurants LLC), and controls or controlled significant functions of Defendant corporations (Sazon Inc. and Riverbank Restaurants LLC).

26.     Defendant Genaro Morales determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

27.     Defendant Angela Terranova is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

28.     Defendant Angela Terranova is sued individually in her capacity as, on information and belief, an owner, officer and/or agent of Defendant corporations (Sazon Inc. and Riverbank Restaurants LLC).

29.     Upon information and belief, Defendant Angela Terranova possesses or possessed operational control over each of Defendant corporations (Sazon Inc. and Riverbank Restaurants LLC), possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant corporations (Sazon Inc. and Riverbank Restaurants LLC).

30.     Defendant Angela Terranova determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

31.     Defendant Evelyn Rivera is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

32.     Defendant Evelyn Rivera is sued individually in her capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation (Sazon Inc.)

33.     Upon information and belief, Defendant Evelyn Rivera possesses or possessed operational control over Sazon Inc., possesses or possessed an ownership interest in Sazon Inc., and controls or controlled significant functions of Sazon Inc.

34.     Defendant Evelyn Rivera determined the wages and compensation of the employees of Sazon Inc., including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

35.     Defendant Eric Tevrow is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

36.     Defendant Eric Tevrow is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation (Sazon Inc.).

37.     Upon information and belief, Defendant Eric Tevrow possesses or possessed operational control over Sazon Inc., possesses or possessed an ownership interest in Sazon Inc., and controls or controlled significant functions of Sazon Inc.

38.     Defendant Eric Tevrow determined the wages and compensation of the employees of Sazon Inc., including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

39.     Defendants operate or operated two Puerto Rican restaurants under the names "Sazon" and "Sofrito" located in the Tribeca and Hamilton Heights areas of Manhattan.

40.     Upon information and belief, individual Defendants Genaro Morales, Angela Terranova, Evelyn Rivera, and Eric Tevrow possess or possessed operational control over Defendant Corporations, each possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

41.     Defendants are or were associated and joint employers, act or acted in the interest of each other with respect to employees, pay or paid employees by the same method and share or shared control over the employees.

42.     Each Defendant possesses or possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

43.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

44.     In the alternative, Defendants constituted a single employer of Plaintiffs and similarly situated individuals.

45.     Upon information and belief, Individual Defendants Genaro Morales and Angela Terranova operate Defendant Corporations (Sazon Inc. and Riverbank Restaurants LLC) as either alter egos of themselves, and/or fail to operate Defendant Corporations (Sazon Inc. and Riverbank Restaurants LLC) as entities legally separate and apart from themselves, by, among other things:

   a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporations (Sazon Inc. and Riverbank Restaurants LLC) as separate and legally distinct entities;

   b.   defectively forming or maintaining Defendant Corporations (Sazon Inc. and Riverbank Restaurants LLC), by among other things, failing to hold annual meetings or to maintain appropriate corporate records;

   c.   transferring assets and debts freely as between all Defendants;

   d.   operating Defendant Corporations (Sazon Inc. and Riverbank Restaurants LLC) for their own benefit as the sole or majority shareholders;

   e.   operating Defendant Corporations (Sazon Inc. and Riverbank Restaurants LLC) for their own benefit and maintaining control over these corporations as closed corporations or closely held controlled entities;

     f.   intermingling assets and debts of their own with Defendant Corporations (Sazon Inc. and Riverbank Restaurants LLC);

     g.   diminishing and/or transferring assets to protect their own interests; and

     h.   other actions evincing a failure to adhere to the corporate form.

46.    Upon information and belief, Individual Defendants Evelyn Rivera and Eric Tevrow operate Defendant corporation (Sazon Inc.) as either an alter ego of themselves, and/or fail to operate Sazon Inc.as an entity legally separate and apart from themselves, by, among other things:

     a.   failing to adhere to the corporate formalities necessary to operate Sazon Inc. as a separate and legally distinct entity;

     b.   defectively forming or maintaining Sazon Inc., by among other things, failing to hold annual meetings or to maintain appropriate corporate records;

     c.   transferring assets and debts freely as between all Defendants;

     d.   operating Sazon Inc. for their own benefit as the sole or majority shareholders;

     e.   operating Sazon Inc. for their own benefit and maintaining control over it as a closed corporation or a closely held controlled entity;

     f.   intermingling assets and debts of their own with Sazon Inc.;

     g.   diminishing and/or transferring assets to protect their own interests; and

     h.   other actions evincing a failure to adhere to the corporate form.

47.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

9

48.     In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

49.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Sazon and Sofrito, such as vegetables and beverages, were produced outside the state of New York.

*Individual Plaintiffs*

50.     Plaintiffs are former employees of Defendants and were employed as dishwasher, porter, maintenance worker, bar-back, food runner, and fryer.

51.     They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Domingo Cabrera Pichardo*

52.     Plaintiff Cabrera was employed by Defendants from approximately July 2011 until on or about June 22, 2017.

53.     During the course of his employment, Plaintiff Cabrera worked at defendants' Sazon location as a dishwasher, porter, and maintenance worker from approximately July 2011 until on or about June 22, 2017.

54.     Plaintiff Cabrera regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York. Plaintiff Cabrera's work duties required neither discretion nor independent judgment.

55.     Throughout his employment with Defendants, Plaintiff Cabrera worked in excess of 40 hours per week.

10

56.     From approximately July 2011 until on or about May 2017, Plaintiff Cabrera worked from approximately 8:00 a.m. until on or about 4:30 to 5:00 p.m. Mondays through Thursdays, and from approximately 8:00 a.m. until on or about 8:00 to 9:00 p.m. Fridays and Saturdays (typically 58 to 62 hours per week).

57.     From approximately May 2017 until on or about June 22, 2017, Plaintiff Cabrera worked from approximately 4:00 p.m. until on or about 12:30 a.m. Wednesdays, from approximately 4:00 p.m. until on or about 1:00 a.m. Thursdays, from approximately 4:00 p.m. until on or about 2:00 a.m. Fridays and Saturdays, and from approximately 10:00 a.m. until on or about 12:00 a.m. Sundays (typically 51 hours per week).

58.     Throughout his employment, Defendants paid Plaintiff Cabrera his wages by check.

59.     From approximately July 2011 until on or about May 2017, Defendants paid Plaintiff Cabrera a fixed salary of $80 per day.

60.     From approximately May 2017 until on or about June 2017, Defendants paid Plaintiff Cabrera a fixed salary of $88 per day.

61.     Plaintiff Cabrera's pay did not vary even when he was required to work a longer day than his usual schedule.

62.     For example, Defendants required Plaintiff Cabrera to work an additional thirty minutes to an hour beyond what he was scheduled every day and did not compensate him for the additional time he worked.

63.     Defendants never granted Plaintiff Cabrera a meal break or rest period of any kind.

64.     Although Defendants did provide Plaintiff Cabrera with a statement of wages with each payment of wages, such statements only included the scheduled hours of work, and left out the actual hours worked by Plaintiff Cabrera.

65.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Cabrera regarding overtime and wages under the FLSA and NYLL.

66.     Defendants did not give any notice to Plaintiff Cabrera, in English and in Spanish (Plaintiff Cabrera's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Hurbino Garcia Rivera*

67.     Plaintiff Garcia was employed by Defendants from approximately November 2011 until on or about December 2014, from approximately June 2015 until on or about November 2015, and from approximately April 2016 until on or about August 13, 2016 at Defendants' Sofrito location,and  from approximately August 14, 2016 until on or about March 5, 2017 at Defendants' Sazon location.

68.     During the course of his employment, Plaintiff Garcia worked at Defendants' Sofrito location as a bar-back from approximately November 2011 until on or about December 2014 and from approximately June 2015 until on or about November 2015, and as a dishwasher from April 2016 until on or about August 2016.

69.     During the course of his employment, Plaintiff Garcia worked at defendants' Sazon location as a food runner and fryer from approximately August 14, 2016 until on or about March 2017.

70.     Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York. Plaintiff Garcia's work duties required neither discretion nor independent judgment.

71.     From approximately November 2011 until on or about December 2014 and from approximately June 2015 until on or about November 2015, Plaintiff Garcia worked at the Defendants' Sofrito location from approximately 3:00 p.m. until on or about 12:00 to 1:00 a.m. Mondays and Thursdays, from approximately 3:00 p.m. until on or about 3:00 to 4:00 a.m. Fridays and Saturdays, and from approximately 12:00 p.m. until on or about 12:00 a.m. Sundays (typically 72 to 78 hours per week).

72.     From approximately August 14, 2016 until on or about March 2017, Plaintiff Garcia worked at the Defendants' Sazon location from approximately 11:00 a.m. until on or about 4:00 p.m. as a food runner and from approximately 5:00 p.m. until on or about 11:00 p.m. as a fryer on Wednesdays, from approximately 11:00 a.m. until on or about 4:00 p.m. as a food runner and from approximately 5:00 p.m. until on or about 12:00 a.m. as a fryer on Thursdays, from approximately 11:00 a.m. until on or about 4:00 p.m. as a food runner and from approximately 5:00 p.m. until on or about 1:00 a.m. as a fryer on Fridays, and from approximately 2:00 p.m. until on or about 1:00 a.m. Saturdays (typically 47 hours per week).

73.     From approximately November 2011 until on or about December 2014 and from approximately June 2015 until on or about November 2015, Defendants paid Plaintiff Garcia his wages in a combination of check and cash.

74.     From approximately August 14, 2016 until on or about March 2017, Defendants paid Plaintiff Garcia his wages by check.

75.     From approximately November 2011 until on or about December 2014 and from approximately June 2015 until on or about November 2015, Defendants paid Plaintiff Garcia $7.50 per hour.

76.     From approximately August 14, 2016 until on or about March 2017, Defendants paid Plaintiff Garcia a fixed salary of $90 per day.

77.     From approximately August 14, 2016 until on or about March 2017, Defendants required Plaintiff Garcia to keep track of time using two separate identification numbers that did not accurately reflect his actual hours worked.

78.     Defendants never granted Plaintiff Garcia a meal break or rest period of any kind.

79.     Defendants did not provide Plaintiff Garcia with a statement of wages with each payment of wages, as required by NYLL 195(3) from approximately November 2011 until on or about December 2014 and from approximately June 2015 until on or about November 2015.

80.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

81.     Defendants did not give any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

82.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

83.     Defendants' pay practices resulted in Plaintiffs and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

84.      Plaintiffs and similarly situated individuals have been victims of Defendants' common policy and practices violating their rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

85.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

86.     From approximately November 2011 until on or about December 2014 and from approximately June 2015 until on or about November 2015, Plaintiff Garcia was paid his wages in a combination of check and cash.

87.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

88.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

89.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

90.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

91.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

92.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

93.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

16

similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

94.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime and willfully failing to keep records required by the FLSA.

95.     The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS
## OF THE FLSA

96.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.     Defendants failed to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.     Defendants' failure to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.      Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FLSA

100.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101.     Defendants failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

102.     Defendants' failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.     Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

104.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.     Defendants paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

106.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

107.     Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK LABOR LAW

108.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

18

109.    Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

110.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

111.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

112.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    Defendants failed to pay Plaintiffs (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6.

114.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) an additional hour's pay for each day Plaintiffs' (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

115.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

118.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

119.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

120.     Defendants have not provided Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

121.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

(m)     Declaring that Defendants violated section 191 of the New York Labor Law;

(n)     Declaring that Defendants violated section 193 of the New York Labor Law;

21

(o)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

(p)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b) and 198(1-d);

(q)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay  and overtime compensation shown pursuant to NYLL § 663 and 198-d;

(r)      Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(s)      Awarding Plaintiffs the expenses incurred in this action, including costs and attorney's fees;

(t)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)      All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
      July 19, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.


                    By:    /s/ Michael Faillace
                          Michael Faillace
                          60 East 42nd Street, Suite 4510
                          New York NY 10165
                          Telephone: (212) 317-1200
                          Facsimile: (212) 317-1620
                          *Attorneys for Plaintiff*

SETTLEMENT WITHOUT CONSENT. If the Claims are settled by you without the consent of the Firm, you agree to pay the Firm the contingency fee described above based on the full amount of the settlement recovery for your benefit to whomever paid or whatever called.  The Firm shall have, in the alternative, the option of seeking compensation on a *quantum meruit* basis to be determined by the court. In such circumstances the court would determine the fair value of the services rendered and the Firm shall have, in addition, its taxable costs, disbursements, and attorneys' fees.

You are at liberty to terminate our representation at any time you see fit for any reason, or without reason. In that instance, your obligation will be to pay fees and disbursements accrued to the date of termination, plus any fees and disbursements accrued or incurred in connection with effectuating the termination. We reserve the right to stop work or to withdraw from further representation for any of the following reasons: (1) you fail to fully cooperate in our handling of your claim; (2) you do not follow our advice or instructions in the handling of your matters, although we readily acknowledge that you are not obliged to accept our advice on substantive aspects of your matters; or (3) you insist on our acting in a manner we determine to be unethical or illegal.

In the event of any dispute concerning fees, you may have a right to an arbitration under Part 137 of the Rules of the Chief Administrator.

If the foregoing meets with your approval, kindly acknowledge your consent on the original letter and return same to my attention. We look forward to working with you.

Very truly yours,

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____
Michael Faillace, Esq.

Consented to:

_____
Hurbino Garcia Rivera

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                         Facsimile: (212) 317-1620

Faillace@employmentcompliance.com


                                                                 July 6, 2017

BY HAND


TO:     Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)

Name / Nombre:                      Domingo A. Cabrera Pichardo

                                    Michael Faillace & Associates, P.C.
Legal Representative / Abogado:

Signature / Firma:

                                    06 de julio de 2017
Date / Fecha: